## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

LORAREDA GAY MILLER PRICE,

      Plaintiff,

v.                            CIVIL ACTION NO.: <u>2:17-cv-02326</u>

CODY ALLEN GIBSON, STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY,
a foreign corporation, and
KATHLEEN S. SAVASTANO,

      Defendants.

### NOTICE OF REMOVAL

      Come now the defendants, State Farm Mutual Automobile Insurance Company and Kathleen S. Savastano, pursuant to 28 U.S.C. §1446, and give notice of removal of the above captioned matter from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia.

      1.   On March 15, 2017, plaintiff filed her complaint, attached as Exhibit A, styled "*Lorareda Gay Miller Price, Plaintiff, v. Cody Allen Gibson, State Farm Mutual Automobile Insurance Company, and Kathleen S. Savastano, Defendants,*" Civil Action No. 17-C-352 in the Circuit Court of Kanawha County, West Virginia.

      2.   The Secretary of State accepted the summons and complaint for defendants State Farm Mutual Automobile Insurance Company and Kathleen S. Savastano on March 17, 2017.  This Notice

of Removal is timely pursuant to 28 U.S.C. §1446, as it is filed within thirty days of service of the summons and complaint.  A copy of the docket sheet and all process, pleadings and Orders from the Circuit Court of Kanawha County, West Virginia are attached as Exhibit B.

    3.    This action is removable pursuant to 28 U.S.C. §1332(a), as this is a civil action wherein the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, it is between citizens of different states and no defendant is a resident of the forum state.

    4.    Plaintiff cannot and did not plead a specific amount in controversy in the *ad damnum* clause.  *See* W. Va. Code §55-7-25.  Likewise, plaintiff did not file, contemporaneously with the complaint, a formal, binding pre-removal stipulation, signed by plaintiff and counsel, limiting the amount in controversy to less than $75,000.00.  *McCoy v. Erie Ins. Co.,* 147 F. Supp.2d 481, 485 (S.D.W. Va. 2001).

    5.    Plaintiff's complaint reveals, by a preponderance of the evidence pursuant to 28 U.S.C. §1446(c)(2)(B), that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

    6.    Plaintiff claims that she has incurred $65,028.99 in medical expenses and has demanded $100,000 for settlement of

2

her underinsured motorist coverage claim.  (Ex. C.) The per person underinsured motorist coverage limits for State Farm Mutual Automobile Insurance Company policy 035 4305-E26-48F are $100,000.  (Compl. ¶ 11.)

7.    Plaintiff also seeks damages for alleged breach of contract and common law bad faith against State Farm Mutual Automobile Insurance Company.  (Compl. Counts I and II.)  She seeks "net economic loss, attorney fees and consequential damages" for breach of contract.  (Compl. ¶ 26.)  For the alleged common law bad faith, plaintiff claims she is entitled to recover "economic and non-economic damages, including attorneys fees and costs, permitted under *Hayseeds*."  (Compl. ¶ 29.) Should plaintiff substantially prevail upon her coverage claim, then she may recover attorney's fees which, pursuant to *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73, 80 (W. Va. 1986), presumptively are one-third of the face value of the policy at issue.  In this case, that would be $33,333.33.

8.    Finally, plaintiff also claims the defendants violated the West Virginia Unfair Trade Practices Act and she seeks punitive damages.  (Compl. Count III; *ad damnum* clause, ¶¶ c, d.)  A claim for punitive damages "inevitably inflates a plaintiff's potential recovery." *Bryant v. Wal-Mart Stores East, Inc.*, 117 F. Supp.2d 555, 556 (S.D.W. Va. 2000).

9.   Considering plaintiff's claim for underinsured motorist coverage, her claim for attorney's fees under *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73 (W. Va. 1986), and her claim for punitive damages, the amount in controversy exceeds the sum of $75,000.

10.   Plaintiff is a citizen of the State of Ohio. (Compl. ¶ 1.)

11.   Cody Allen Gibson is a citizen of the State of West Virginia, but he is a nominal defendant whose citizenship is to be disregarded for the purpose of determining diversity jurisdiction.   (Compl. ¶¶ 2; *ad damnum clause* ¶ a.)   Because he is a nominal defendant, Cody Allen Gibson's consent to removal is not needed.

12.   Defendant State Farm Mutual Automobile Insurance Company is a corporation, incorporated in the State of Illinois, with its principal place of business in the State of Illinois.

13.   Defendant Kathleen S. Savastano is a citizen of the State of Texas.

14.   Your defendants, State Farm Mutual Automobile Insurance Company and Kathleen S. Savastano, therefore assert that this Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332(a) and this action constitutes a matter, pursuant to 28 U.S.C. §1441(a), which may be removed by the

defendants to this Court, as this Court has original juris-
diction.

WHEREFORE, for the foregoing reasons, your defendants,
State Farm Mutual Automobile Insurance Company and Kathleen S.
Savastano, respectfully request that the action now pending
against them filed by Lorareda Gay Miller Price in the Circuit
Court of Kanawha County, West Virginia be removed to this Court.


s/R. Carter Elkins
Of Counsel for Defendants State Farm
Mutual Automobile Insurance Company and
Kathleen S. Savastano

R. Carter Elkins
W. Va. State Bar I.D. 1116
Laura L. Gray
W. Va. State Bar I.D. 5240

Elkins Ray, PLLC
1108 Third Avenue, Suite 700
Post Office Box 730
Huntington, West Virginia 25711-0730
(304) 522-2015
relkins@elkinsray.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

LORAREDA GAY MILLER PRICE,

      Plaintiff,

v.                                    CIVIL ACTION NO.: ___2:17-cv-02326___

CODY ALLEN GIBSON, STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY,
a foreign corporation, and
KATHLEEN S. SAVASTANO,

      Defendants.


**CERTIFICATE OF SERVICE**

      The undersigned, of counsel for defendants, State Farm Mutual Automobile Insurance Company and Kathleen S. Savastano, does hereby certify that the foregoing Notice of Removal was this day served upon the following by mailing a true copy of the same this date, postage prepaid, to:

Brent K. Kesner, Esquire
Kesner & Kesner, PLLC
Post Office Box 2587
Charleston, West Virginia 25329

C. Joseph Stevens, Esquire
Jackie Stevens, Esquire
Stevens & Stevens
Post Office Box 635
Hamlin, West Virginia 25523

Done this 13th day of April, 2017.

<u>s/R. Carter Elkins</u>
Of Counsel for Defendants State Farm
Mutual Automobile Insurance Company and
Kathlee S. Savastano

R. Carter Elkins
W. Va. State Bar I.D. 1116
Laura L. Gray
W. Va. State Bar I.D. 5240

Elkins Ray, PLLC
1108 Third Avenue, Suite 700
Post Office Box 730
Huntington, West Virginia 25711-0730
(304) 522-2015
<u>relkins@elkinsray.com</u>